J-S56010-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL W. TROLLINGER, | |
| Appellant | No. 574 MDA 2015 |

Appeal from the Order Entered March 9, 2015
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0000231-2012

BEFORE: SHOGAN, JENKINS, and PLATT,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED OCTOBER 27, 2015**

Appellant, Michael W. Trollinger, appeals from the order denying his petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

Appellant pled guilty pursuant to a negotiated agreement on February 5, 2013, to seven counts of possession of a controlled substance with intent to deliver ("PWID") and one count of possession of a prohibited firearm. The Commonwealth summarized the factual basis of the plea as follows:

> [O]n December 9[th], 2010, the defendant delivered $300 [worth] of cocaine to a confidential informant near Penn and Wiconisco Streets in the City of Harrisburg. The crack cocaine weighed over two grams. I believe it was 2.2 grams.

_____

[*] Retired Senior Judge assigned to the Superior Court.

Count 2 alleged that on January 5th, 2011, the defendant delivered $400 worth of cocaine to a confidential informant near Green and Radnor Streets in the City of Harrisburg. The cocaine weighed 3.5 grams.

At Count 3, on August 18th, 2011, the defendant delivered $400 worth of marijuana, namely 4.3 grams, to a confidential informant at Penn Street and Wiconisco Street in the City of Harrisburg.

At Count 4, on September 27th, 2011, the defendant delivered $300 worth of cocaine, which was three grams, to a confidential informant near Green and Schuylkill Streets in the City of Harrisburg.

Count 5, between the dates of December 9, 2010, and September 29th, 2011, the defendant utilized a cell phone to commit the crime of the unlawful delivery of a controlled substance. In other words, the cell phone was utilized to set up the drug deals.

At Count 6, on September 29, 2011, the defendant was found in possession of a substantial amount of marijuana. I believe there was over a 100 grams of marijuana as well as plants. That marijuana was possessed with the intent to deliver it to another person.

At Count 7, the defendant was also in possession of cocaine. I believe it was over 100 grams of cocaine that was in his possession. I believe it was in his house. What happened, on September 29th, there was a search warrant executed on his home and a substantial amount of weed as well as cocaine as well as scales and baggies were found in addition to $25,000.

Count 8. Count 8 is withdrawn.

Count 9. When they executed the search warrant on September 29th, 2011 --

Just to be clear, Count 9 was amended on the criminal information.

- 2 -

-- the defendant was in possession in his home of three handguns; a Taurus .40 caliber handgun, a Mossberg 12 gauge shotgun, an Intratec .22 caliber handgun.

N.T. (Guilty Plea), 2/5/13, at 4–5.

On April 1, 2013, the trial court sentenced Appellant in accordance with the plea agreement to an aggregate term of imprisonment of eight to sixteen years. The sentence imposed was as follows:

**AND NOW**, this 1st day of April 2013, at Count 1, we sentence the defendant to 3 to 6 years in state prison, a fine of $50, plus costs; Count 2, we sentence the defendant to 3 to 6 years, a fine of $50, plus costs; at Count 3 we sentence the defendant to 3 to 6 years, a fine of $50, plus costs; at Count 4 we sentence the defendant to 3 to 6 years, a fine of $50, plus costs; at Count 5 we sentence the defendant 1 to 2 years, a fine of $25, plus costs; at Count 6 we sentence the defendant to 5 to 10 years, a fine of $50, plus costs; at Count 7 we sentence the defendant to 8 to 16 years, a fine of $50, plus costs; and at Count 9, we sentence the defendant to 5 to 10 years.

All sentences will run concurrently to one another, so the defendant has an aggregate sentence of 8 to 16 years.

Order, 4/1/13, at 1. Appellant did not file a post-sentence motion or an appeal from the judgment of sentence.

On September 18, 2014, Appellant filed a *pro se* PCRA petition. On September 24, 2014, the PCRA court appointed counsel, who filed a supplemental petition on December 1, 2014. On February 12, 2015, the PCRA court issued notice of its intent to dismiss Appellant's petition. The PCRA court dismissed the petition on March 10, 2015, and Appellant filed this timely appeal on March 30, 2015. Both Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant raises the following single issue on appeal:

I. WHETHER THE SENTENCE THE APPELLANT RECEIVED WAS ILLEGAL?

Appellant's Brief at 5. Appellant asserts that his sentence was illegal based upon *Alleyne v. United States*, ___ U.S. ___, 133 S.Ct. 2151 (2013), and *Commonwealth v. Newman*, 99 A.2d 86 (Pa. Super. 2014) (*en banc*).[1] Appellant asserted to the PCRA court and maintains here that his mandatory minimum sentence pursuant to 42 Pa.C.S. § 9712.1[2] is illegal because section 9712.1 is unconstitutional.

When reviewing the propriety of an order denying PCRA relief, we consider the record "in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Stultz*, 114 A.3d 865, 872 (Pa. Super. 2015) (quoting *Commonwealth v. Henkel*, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*)). This Court is limited to determining whether the evidence of record supports the conclusions of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Rykard*, 55 A.3d 1177, 1183 (Pa. Super. 2012). We grant great deference to the PCRA court's findings that

---

[1] Appellant's additional reliance on *Commonwealth v. Hughes*, 2478 EDA 2013, ___ A.3d ___ (Pa. Super. filed March 18, 2015), *Commonwealth v. Valentine*, 101 A.3d 801 (Pa. Super. 2014), and *Commonwealth v. Ferguson*, 107 A.3d 206 (Pa. Super. 2015), is misplaced as these cases are appeals from the judgment of sentence and do not involve the jurisdictional considerations of the PCRA.

[2] That section provided for mandatory minimum sentences for certain drug offenses committed with firearms.

are supported in the record and will not disturb them unless they have no support in the certified record. **Commonwealth v. Rigg**, 84 A.3d 1080, 1084 (Pa. Super. 2014). "There is no absolute right to an evidentiary hearing on a PCRA petition, and if the PCRA court can determine from the record that no genuine issues of material fact exist, then a hearing is not necessary." **Commonwealth v. Jones**, 942 A.2d 903, 906 (Pa. Super. 2008) (quoting **Commonwealth v. Barbosa**, 819 A.2d 81 (Pa. Super. 2003)).

Appellant's issue is not waived because challenges to the legality of a sentence cannot be waived. **Commonwealth v. Miller**, 102 A.3d 988, 996 (Pa. Super. 2014) (**Alleyne** challenge to legality of sentence is "not technically waivable"). However, the issue is untimely because Appellant raised it for the first time more than one year after his judgment of sentence became final, and he has not asserted and proved one of the PCRA's enumerated exceptions. As a result, we lack jurisdiction to review it. 42 Pa.C.S. § 9545(b).

A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. **Commonwealth v. Murray**, 753 A.2d 201, 203 (Pa. 2000). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the

Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

Our review of the record reflects that Appellant's judgment of sentence became final on May 1, 2013, thirty days after the trial court imposed the judgment of sentence, and Appellant failed to file a direct appeal with this Court. 42 Pa.C.S. § 9545(b)(3); Pa.R.A.P. 903(a). Thus, a timely PCRA petition had to have been filed by May 1, 2014. Appellant did not file the instant PCRA petition until September 18, 2014. Thus, Appellant's PCRA petition underlying the instant appeal is patently untimely.

The PCRA court dismissed the petition as untimely. Nevertheless, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[3] A petition invoking one of these exceptions must be filed within sixty

_____

[3] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

*(Footnote Continued Next Page)*

days of the date the claim could first have been presented. 42 Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). *Commonwealth v. Carr*, 768 A.2d 1164, 1167 (Pa. Super. 2001).

Initially, in his brief, Appellant fails to assert the applicability of any of the section 9545(b)(2) exceptions. Instead, he merely argues that his sentence was illegal. Appellant did, however, invoke the second and third exceptions in his amended PCRA petition. Amended PCRA Petition, 12/1/14, at ¶ 9. The new "facts" upon which Appellant relied are three newspaper articles discussing the impact of *Alleyne* on other defendants' sentences.[4] This exception rightly was ignored by the PCRA court, which focused upon

_____
*(Footnote Continued)*

> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

[4] Only one article bears the date of publication, which was March 5, 2014. Appellant's *pro se* PCRA petition was not filed within sixty days of the date on which the article was published. Appellant's amended PCRA petition abandons reference to the newspaper articles.

the third exception of section 9545(b)(1), the "newly recognized constitutional right" exception.[5]

Appellant focused on the filing of **Alleyne** and **Newman** in this amended PCRA petition, averring that these holdings rendered his sentence illegal. **Alleyne** was decided on June 17, 2013. Appellant filed his PCRA petition on September 18, 2014, well over sixty days after the date the claim could have been presented. **See Commonwealth v. Boyd**, 923 A.2d 513, 517 (Pa. Super. 2007) (stating that "[w]ith regard to [a newly] recognized constitutional right, this Court has held that the sixty-day period begins to run upon the date of the underlying judicial decision.").

Furthermore, this Court has held that even if **Alleyne** is interpreted as enunciating a newly recognized constitutional right, such right is not applicable retroactively to cases on PCRA review. **See Miller**, 102 A.3d at 995.

> Even assuming that **Alleyne** did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases in which the judgment of sentence had become final. This is fatal to [the a]ppellant's argument regarding the PCRA time-bar. This Court has recognized that a

---

[5] "Our Courts have expressly rejected the notion that judicial decisions can be considered newly-discovered facts which would invoke the protections afforded by section 9545(b)(1)(ii)." **Commonwealth v. Cintora**, 69 A.3d 759, 763 (Pa. Super. 2013); **Commonwealth v. Watts**, 23 A.3d 980, 987 (Pa. 2011) (judicial decision does not qualify as an exception under section 9545(b)(1)(ii)). **Alleyne**, a judicial decision, is not a "fact" that satisfies 42 Pa.C.S. § 9545(b)(1)(ii).

new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases. *Commonwealth v. Phillips*, 31 A.3d 317, 320 (Pa. Super. 2011), *appeal denied*, 615 Pa. 784, 42 A.3d 1059 (2012), citing *Tyler v. Cain*, 533 U.S. 656, 663, 121 S.Ct. 2478, 150 L.Ed.2d 632 (2001); *see also*, *e.g*., *Commonwealth v. Taylor*, 933 A.2d 1035, 1042 (Pa. Super. 2007) (stating, "for purposes of subsection (iii), the language 'has been held by that court to apply retroactively' means the court announcing the rule must have also ruled on the retroactivity of the new constitutional right, before the petitioner can assert retroactive application of the right in a PCRA petition"), *appeal denied*, 597 Pa. 715, 951 A.2d 1163 (2008). Therefore, [the a]ppellant has failed to satisfy the new constitutional right exception to the time-bar.

We are aware that an issue pertaining to *Alleyne* goes to the legality of the sentence. *See Commonwealth v. Newman*, 99 A.3d 86, 90 (Pa. Super. 2014) (*en banc*) (stating, "a challenge to a sentence premised upon *Alleyne* likewise implicates the legality of the sentence and cannot be waived on appeal"). It is generally true that "this Court is endowed with the ability to consider an issue of illegality of sentence *sua sponte*." *Commonwealth v. Orellana*, 86 A.3d 877, 883 n.7 (Pa. Super. 2014) (citation omitted). However, in order for this Court to review a legality of sentence claim, there must be a basis for our jurisdiction to engage in such review. *See Commonwealth v. Borovichka*, 18 A.3d 1242, 1254 (Pa. Super. 2011) (stating, "a challenge to the legality of a sentence ... may be entertained as long as the reviewing court has jurisdiction") (citation omitted). As this Court recently noted, "[t]hough not technically waivable, a legality of sentence claim may nevertheless be lost should it be raised ... in an untimely PCRA petition for which no time-bar exception applies, thus depriving the court of jurisdiction over the claim." [*Commonwealth v.*] *Seskey*, [86 A.3d 237, 242 (Pa. Super. 2014). As a result, the PCRA court lacked jurisdiction to consider the merits of [the a]ppellant's second PCRA petition, as it was untimely filed and no exception was proven.

*Miller*, 102 A.3d 995–996 (Pa. Super. 2014). *Cf*. *Commonwealth v. Riggle*, 119 A.3d 1058 (Pa. Super. 2015) (In a timely PCRA petition,

*Alleyne* not applicable retroactively on PCRA review). *Miller* applies to the instant case. *See also Commonwealth v. Taylor*, 65 A.3d 462, 465 (Pa. Super. 2013) ("[A]lthough illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition."). Accordingly, the PCRA court properly dismissed Appellant's PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/27/2015